IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY MEEHAN<br>709 Morgan Drive West<br>Coatesville, PA 19320 | : CIVIL ACTION – LAW<br>:<br>:<br>: |
| Plaintiff,<br>vs. | : No.<br>:<br>: |
| IDEMIA AMERICA CORP.<br>523 James Hance Ct.<br>Exton, PA 19341,<br><br>and<br><br>KELLY SERVICES, INC.<br>999 West Big Beaver Road<br>Troy, MI 48084,<br><br>Defendants. | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

## JURISDICTION

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 because this action arises under the laws of the United States, specifically the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA"). This Court has supplemental jurisdiction over Plaintiff's state law claims.

2. Venue is proper in the Eastern District of Pennsylvania because a substantial part of the events or omissions that give rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

2. Plaintiff Kelly Meehan ("Plaintiff") is an adult resident of Pennsylvania with a residence at 709 Morgan Drive West, Coatesville, PA 19320.

3. Defendant Idemia America Corp. ("Idemia") is a Delaware corporation with its principal place of business at 523 James Hance Ct., Exton, PA 19341.

4. Defendant Kelly Services, Inc. ("Kelly Services") is a Delaware Corporation with its principal place of business at 999 West Big Beaver Road, Troy, MI 48084.

5. Plaintiff is an experienced Production Supervisor with over forty years experience in manufacturing, twenty of those as a Production Supervisor.

6. Plaintiff is an individual with a disability, degenerative disc disease. Due to her disease Plaintiff has experienced extreme pain in her back and legs. At times Plaintiff's disease substantially limited her ability to walk, stand, sit and lift.

7. Prior to working for Defendants, Plaintiff worked as a Production Supervisor at a different manufacturing company, earning $75,000 per year. In this job Plaintiff's disability was accommodated by allowing her to sit when necessary for a few minutes, and by allowing her to drive around the plant instead of walking long distances.

8. In December 2021 Plaintiff interviewed with Defendants, and was offered a Production Supervisor job working in Defendant Idemia's plant in Exton, PA. The parties agreed that Plaintiff would be employed by both Defendants for a period of time, and then by Idemia alone.

9. Plaintiff started the new job with Defendants on January 22, 2022, having resigned from her former position to take the new job. In the new job Plaintiff's salary was to be $85,000 per year.

10. Plaintiff spent her first day training while seated in a conference room. On her second day her supervisory duties began. On Plaintiff's third day she asked her fellow supervisors why there were no chairs on the production floor so that she could work while seated for a few minutes every few hours to accommodate her disability.

11. When Plaintiff asked her fellow supervisors about sitting to accommodate her disability, they laughed and said "no chairs on the floor."

12. After about four hours of working on her third day at Idemia, Plaintiff asked her manager, Simon Abouseif, for a chair to sit in and work for a few minutes due to her back pain. Plaintiff informed her manager and multiple people at Idemia that she had had back surgery in 2021 and needed to sit for a few minutes every few hours due to her back pain. Plaintiff told Mr. Abouseif that she would obtain any information he needed from her doctor. He never asked for any information.

13. Plaintiff's manager Mr. Abouseif did not provide her with any accommodation, but said that he would check into it and let her know. He never got back to her or provided her with any accommodation.

14. On Plaintiff's fourth day at Idemia, she reminded her manager about her chair request and he said that he would discuss it with her the next day.

15. On Friday of that week, Plaintiff's manager, Mr. Abouseif, informed her that it was company policy not to have chairs on the production floor. Eventually Plaintiff had to leave work due to the pain caused by her back disease and the failure to accommodate her.

16. In sum, Plaintiff repeatedly asked Defendants to accommodate her back disability by allowing her to work from a sitting position for a few minutes every few hours and

Defendants denied the request.

17. There was no business reason to deny Plaintiff's request for accommodation. Plaintiff had successfully performed the Production Supervisor job at her previous employer, with accommodation of her back disability.

18. Plaintiff was able to perform all of the duties of the Production Supervisor job with accommodation.

19. Plaintiff reported to Defendant Kelly Services what had happened to her at the Idemia plant and informed them of her need for accommodation of her back disability but Kelly Services did not respond.

20. After Plaintiff reported her need for accommodation to Kelly Services they stopped responding to her communications and stopped sending her job opportunities.

21. Plaintiff believes and avers that the reason Kelly Services stopped sending her job opportunities was discrimination because of her disability and retaliation for making a request for accommodation.

22. Plaintiff filed a Charge of Discrimination with the EEOC and PHRC in April 2022. The EEOC issued Right to Sue Letters on January 30, 2023 and copies are attached as Exhibit A.

23. Plaintiff is a qualified individual with a disability. Due to the impairments caused by her back disease, she is substantially limited in the activities of standing, sitting, walking, lifting and other life activities.

24. Plaintiff's request for a chair to work in while sitting for a few minutes every few hours was a request for reasonable accommodation under the ADA.

25. Defendants' conduct was not in good faith and Defendants did not have reasonable grounds for believing they did not violate the ADA.

26. Defendants' conduct was willful and intended to deprive Plaintiff of rights under the ADA.

27. Plaintiff sustained damages as a result of Defendants' conduct.

28. Defendants are liable for compensatory and punitive damages.

## COUNT I

### AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE BOTH DEFENDANTS

29. Plaintiff incorporates the foregoing paragraphs herein by reference.

30. Plaintiff is a qualified person with a disability who requested reasonable accommodation of her disability.

31. Defendants failed and refused to accommodate Plaintiff's disability.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) liquidated, compensatory and punitive damages; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses, and declaratory relief declaring that Defendants' conduct violated the ADA; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

### PENNSYLVANIA HUMAN RELATIONS ACT – FAILURE TO ACCOMMODATE BOTH DEFENDANTS

32. Plaintiff incorporates the foregoing paragraphs herein by reference.

33. Plaintiff is a qualified person with a disability who requested reasonable accommodation of her disability.

34. Defendants failed and refused to accommodate Plaintiff's disability.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) compensatory damages; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses, and declaratory relief declaring that Defendants' conduct violated the PHRA; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT III

### AMERICANS WITH DISABILTIIES ACT – RETALIATION VERSUS DEFENDANT KELLY SERVICES, INC.

35. Plaintiff incorporates the foregoing paragraphs herein by reference.

36. Plaintiff is a qualified person with a disability who requested reasonable accommodation of her disability.

37. Defendant retaliated against Plaintiff for requesting reasonable accommodation of her disability by failing to send further job opportunities to her.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) liquidated, compensatory and punitive damages; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses, and declaratory relief declaring that Defendants' conduct violated the ADA; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IV
## PENNSYLVANIA HUMAN RELATIONS ACT – RETALIATION
## VERSUS DEFENDANT KELLY SERVICES, INC.

38. Plaintiff incorporates the foregoing paragraphs herein by reference.

39. Plaintiff is a qualified person with a disability who requested reasonable accommodation of her disability.

40. Defendant retaliated against Plaintiff for requesting reasonable accommodation under the PHRA by by failing to send further job opportunities to her .

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) compensatory damages; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses, and declaratory relief declaring that Defendants' conduct violated the PHRA; (4) a reasonable attorney's fee; (5) Plaintiff's expert

witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

Date: March 10, 2023                    By: _/s/ *M. Frances Ryan*____
                                        M. Frances Ryan
                                        Validation of signature code: MFR1130
                                        Edward C. Sweeney
                                        Validation Signature Code:  ECS1942
                                        Attorneys for Plaintiff
                                        Wusinich, Sweeney & Ryan, LLC
                                        102 Pickering Way, Suite 403
                                        Exton, PA  19341
                                        (610) 594-1600
                                        mfrancesryan@wusinichsweeney.com
                                        esweeney@wusinichsweeney.com